was immaterial. As to the time's not being elapsed, he urged, that the contract of the drawer of the bill was, that the drawee should accept it according to its tenor; and that, if he did not, an action *immediately* accrued to the holder. The case of *Milford* v. *Mayor* (a) he cited, as full to this point. If the drawer is liable for the bill, he must also be liable for costs of protest and damages, which are consequences of the non-acceptance.(b)

1802.

STERRY
*v.*
ROBINSON.

BY THE WHOLE COURT,

The judgment was affirmed.

(a) *Doug.* 55. See also *Chitty* 64.—*Kyd* 70.—*Bull. N. P.* 269.
(b) 2 *H. Bl.* 378, *Mellish* v. *Simeon*.

## Magill *v.* Casey.

### In the Court below,

JAMES CASEY, *Plaintiff;* ARTHUR MAGILL and STEPHEN CLAY, *Defendants.*

THE declaration stated, that *Casey* prayed out a writ of attachment against *Thomas Leverett*, and attached his goods; that *Magill & Clay* procured a writ of replevin to issue, in the name of *Leverett*, and connected therewith an action of trespass against *Casey*, in their favor, in which they alleged the goods to be their property; that they gave bond thereon to satisfy such damages as the adverse party should recover against *them*; that the sheriff, by the direction of *Magill & Clay*, took the goods, on the writ of replevin, out of the custody of the law, and delivered them to *Leverett*, whereby *Casey's* lien upon them was destroyed; that *Magill & Clay* pursued their action to trial; that the only question in the case

Former action on a replevin bond, which was adjudged void, no bar to an action on the case, for taking goods, which plaintiff had attached, out of the custody of the law, thereby destroying his lien, and defeating him of recovering his debt.

1802.

MAGILL
v.
CASEY.

was, whether the goods, when attached, were their property, or *Leverett*'s; and, that a verdict was found, and judgment rendered, against them : That *Casey*'s action against *Leverett* proceeded to final judgment; that execution issued ; and that a *non est inventus* was returned.

To this declaration there was a plea in bar, that *Casey* had previously brought an action of debt on the bond against *Magill & Clay* ; that on trial to the jury, on the general issue, the former proceedings, which were set forth at large, was the only evidence adduced ; that there was a demurrer to this evidence, and the jury discharged ; and, that the Superior Court adjudged, [on the ground that the bond was void] that the evidence was insufficient to maintain the issue, and final judgment was rendered accordingly.

To this plea there was a demurrer ; and judgment, that the plea was insufficient.

The general error was assigned.

*Huntington*, (of Middletown) for the plaintiffs in error, contended, that every fact appeared on the former declaration, which appears on this ; and that, if the plaintiff had merits, the Court would have adjudged to him his damages, in that action.

*Daggett* and *Russell*, for the defendant in error, urged, that in the former suit, the replevin bond was treated as of force, and the action was debt ; that no averment was made, that *Magill & Clay* did any act, except give the bond ; that, in this declaration, it was averred, that *Magill & Clay* had procured the writ of replevin to issue,

and directed the sheriff to take the goods out of the custody of the law, which had destroyed the plaintiff's lien, and defeated him of recovering his debt.

1802.

MAGILL
v.
CASEY.

BY THE COURT, three *Judges* dissenting,
The judgment was affirmed.

# Bisco *v.* Bishop.

In the Court below,

SAMUEL BISHOP, *Esq.* Judge of Probate for New-Haven District, *Plaintiff*; ISAAC BISCO, *Defendant*.

ACTION of debt, on the penal part of of a probate bond, given by the defendant, as executor of the last will and testament of *Samuel Bisco*, deceased.

Heirs may have a remedy, on the probate bond, against the executor, for making a fraudulent inventory and sale of lands.

Plea of a general performance, after setting out the condition.

Replication, alleging, that the defendant had inventoried three pieces of land as containing a certain quantity, and as of a certain value, whereas they contained a far greater number of acres, and were of greater value; that the inventories were returned to the Judge of Probate, the plaintiff, and accepted, and ordered for record; that the defendant obtained an order for the sale of about 400*l.* worth of land to pay debts; that, by collusion with *Daniel* and *Lamberton Tolles*, he sold said three pieces of land, at the inventory price and admeasurement, and returned an account of sales to said Judge; and that this was all done to defraud the heirs, viz. *Betsey Bisco*, about thirteen, and *Samuel Bisco*, about ten years of age,